# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>PATRICK D. HAYES Jr. and<br>KAREN J. O'BRIEN-HAYES,<br><br>*Debtors*. | Chapter 13<br><br>Case No. 20-40313-CJP |

### US BANK AS TRUSTEE'S RESPONSE TO DEBTORS' OBJECTION TO PROOF OF CLAIM

Pursuant to Fed. R. Bankr. P. 3001 and the Local Bankruptcy Rules of the USDC of Massachusetts ("MLBR"), as promulgated under Fed. R. Bankr. P. 9029, the Creditor, U.S. Bank National Association, as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2004-HE8, Asset Backed Pass-Through Certificates, Series 2004-HE8 ("US Bank as Trustee"), submits its response to the Debtors, Patrick D Hayes, Jr. and Karen J. O'Brien-Hayes' ("Debtors"), Objection to US Bank as Trustee's Proof of Claim [ECF No. 45]. In support of its Response, US Bank as Trustee states the following:

### I. US Bank as Trustee's Response to Debtors' Factual Background of Objection

1. Admitted only that the Debtors filed their Chapter 13 Plan on or about March 3, 2020. US Bank as Trustee lacks knowledge or information concerning the remaining allegations contained in this paragraph.

2. Admitted only that the Debtors are the record owners of a rental property located at 88 East Street in Fitchburg, Massachusetts (the "Property"). US Bank as Trustee is the holder of a mortgage encumbering the Property originally given by the Debtors to New Century Mortgage Corporation (the "Mortgage"). The Mortgage was assigned to US Bank as Trustee, and PHH Mortgage Corporation ("PHH") is the current servicer for this loan on behalf of US Bank as

Trustee. US Bank as Trustee denies that the loan was contractually current or that the Debtors were not notified of the escrow shortages on the mortgage account.

3. Admitted. US Bank as Trustee further states that the allegations in this paragraph refer to a written document, i.e., US Bank as Trustee's Proof of Claim ("Proof of Claim") filed with this Court on or about April 14, 2020 [Claim No. 16-1], which speaks for itself.

4. Admitted. US Bank as Trustee further states that the allegations in this paragraph refer to a written document, i.e., the Proof of Claim, which speaks for itself.  US Bank as Trustee denies any mischaracterizations of the Proof of Claim, and further denies that the allegations in this paragraph state the basis for an objection to US Bank as Trustee's Proof of Claim.

5. Denied. US Bank as Trustee further states that it complied with the requirements of Fed. R. Bankr. P. 3001, MLBR 13-13 and all other applicable bankruptcy rules by submitting a separate document setting forth the a detailed itemization of all amounts asserted to be due and owing. Pursuant to MLBR 13-13, US Bank as Trustee's Proof of Claim included an accounting of the principal, interest, costs, escrow advances, projected escrow shortage and all expenses charged under the agreement or statute under which the claim arose.

6. Denied. Ocwen Loan Servicing, LLC ("Ocwen") serviced the Debtors' mortgage account until May of 2019 at which time PHH took over the servicing to the Mortgage. A copy of the Welcome Letter from PHH to the Debtors dated May 6, 2019 is attached hereto as Exhibit A. The Debtors' escrow account had a negative balance of -$6,261.49 at the time that the mortgage loan was service transferred to PHH in May of 2019. A copy of the Final Escrow Account Statement dated May 21, 2019 is attached as Exhibit B, which both show the amounts charged to the escrow account and a negative balance of -$6,261.49 at the time of the service transfer.

7. Denied. As discussed in Paragraph 6 above, the Debtors' mortgage account was service transferred from Ocwen to PHH in May of 2019. At the time of the service transfer, the escrow account had a negative balance of -$6,261.49. As of February 2020, the escrow account had a negative balance of -$6,494.91, which is reflected in the transaction history ("PHH Transaction History") attached to Debtors' Objection as Exhibit B. A copy of the Debtors' February 2020 Mortgage Statement is attached hereto as Exhibit C, which also shows a negative escrow account balance of -$6,494.91 as of February 13, 2020.

## II.  US Bank as Trustee's Response to Debtor's Legal Basis for Objection to Proof of Claim

8. Denied that the Debtors have alleged any legitimate basis for objecting to the Proof of Claim. Debtors claim that the "projected escrow shortage" portion of US Bank as Trustee's total secured claim is inappropriate because it constitutes debt that has not yet occurred and, thus, is "unmatured." [ECF No. 45, ¶ 8.] This argument is without merit and fails for several reasons. First, US Bank as Trustee's claim satisfies the requirements set for in the bankruptcy rules and thus is presumed to be *prima facie* valid. *See* Fed. R. Bankr. P. 3001(f); *see also In re Long*, 353 B.R. 1, 13 (Bankr. D. Mass. 2006) (a proof of claim filed pursuant to the Federal Rules of Bankruptcy Procedure represents *prima facie* evidence of the validity of the claim). US Bank as Trustee has established its *prima facie* claim by submitting the required standard forms along with ample evidence to validate that the security interest has been perfected, and that the amounts asserted as part of the secured claim are accurate and substantiated. Fed. R. Bankr. P. 3001(d). Second, contrary to Debtors' contention, projected escrow shortages are routinely included as part of a creditor's total secured claim and this case is no exception. *See In re Shepherd*, No. 09-19185-JNF, 2010 Bankr. LEXIS 1951, at *12-13 (Bankr. D. Mass. June 10, 2010) (finding that creditor's calculation for the projected escrow shortage was substantiated and allowed based on transaction

3

history). Moreover, Debtors do not make any specific allegations regarding how the projected escrow amount is improper or inaccurate. Nor do they provide any evidence to support such a claim. Thus, because Debtors' argument that the projected escrow shortage was improperly included in the secured claim is erroneous, Debtors have failed to put forth any evidence, whatsoever, to rebut the presumption of *prima facie* validity of US Bank as Trustee's Proof of Claim. *In re Jackson*, No. 10-11716-MSH, 2013 Bankr. LEXIS 5431, at *25-27 (Bankr. D. Mass. Dec. 31, 2013).

9. Denied. US Bank as Trustee complied with all requirements set forth in Fed. R. Bankr. P. 3001, MLBR 13-13 and all other applicable bankruptcy rules to validate and substantiate its secured claim. To be sure, US Bank as Trustee, provided an itemized accounting of the principal, interest, fees, costs, escrow advances and projected escrow shortage included in its secured claim. Nevertheless, US Bank as Trustee has provided additional documentation attached as exhibits to its Response hereto, which further validate and substantiate the amounts asserted in its Proof of Claim. For instance, US Bank as Trustee has provided a copy of the February 2020 Mortgage Statement, which shows the amount of the deficient escrow account at the time of the Debtors' filing of their Chapter 13 Plan. Further, US Bank as Trustee has also provided a copy of the Final Escrow Account Disclosure Statement, which includes the activity in the escrow account and the payment projections from the period of December 2018 to January 2020, and itemizes the specific amounts that were advanced by the investor to cover property taxes, lender-placed hazard insurance and other fees as a result of the Debtors' breach of the mortgage agreement to make timely payments.

10. Denied. As discussed in Paragraph 9 above, US Bank as Trustee has complied with the requirements of Fed. R. Bankr. P. 3001, MLBR 13-13 and all other applicable bankruptcy rules

to validate its secured claim. Moreover, US Bank as Trustee has provided additional documentation attached as exhibits to this Response to further substantiate the amounts asserted as part of its Proof of Claim.

11. Denied. US Bank as Trustee further states that the allegations in this paragraph refer to a written document, i.e., the Off-Schedule Escrow Statement dated March 4, 2020 attached as Exhibit C to Debtors' Objection, which provides a detailed explanation for the change in the Debtors' monthly payment from $1,455.03 to $1,322.27. Contrary to Debtors' contention, there is no inconsistency with regard to the escrow deficiency or the amount owed on the Debtors' mortgage account. The amount of $1,322.27 represents the post-petition monthly payment, which is lower than the Debtors' pre-petition payment of $1,455.03 because it does not include the escrow deficiency amount as of the date of the filing of the Chapter 13 Plan. This is because the escrow deficiency amount of $6,494.91 was included in the pre-petition arrearage and, thus, is not reflected in or calculated into the post-petition monthly payment amount of $1,322.27.

12. Denied. US Bank as Trustee did not modify Debtors' monthly payment and, thus, Rule 3002.1(b) is not applicable. The Off-Schedule Escrow Statement does not state that there is "no escrow shortage," as Debtors claim. Rather, the Off-Schedule Escrow Statement explains that the Debtors' post-petition monthly payment was lower because it does not include the past escrow account shortage, since the Proof of Claim includes that amount as part of US Bank as Trustee's secured claim.

13. Denied. The projected escrow shortage was properly included as part of US Bank as Trustee's Proof of Claim, and the documentation provided by US Bank as Trustee substantiates the validity of the debt and the amount of the pre-petition arrearage.

1032122\306035445.v1

### III. US Bank as Trustee's Response to Debtors' Recommendation

14. Denied. US Bank as Trustee complied with all requirements as set forth in the Fed. R. Bankr. P. 3001, MLBR 13-13 and all other applicable bankruptcy rules and has sufficiently made a *prima facie* case for its secured claim. Debtors have failed to provide any evidence, whatsoever, to dispute the validity of the debt or the amounts sought by US Bank as Trustee as part of its Proof of Claim. Accordingly, this Court should deny Debtors' Objection and allow US Bank as Trustee's Proof of Claim.

**WHEREFORE**, for the reasons discussed herein, US Bank as Trustee requests that this Honorable Court deny the Debtors' Objection and to allow US Bank as Trustee's Proof of Claim.

*[SIGNATURE PAGE FOLLOWS]*

1032122\306035445.v1

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST 2004-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-HE8

By: Its Attorneys

/s/ *Maura K. McKelvey*
Maura K. McKelvey, BBO #600760
Vanessa V. Pisano, BBO #670649
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: 617-213-7000 / Fax: 617-213-7001
mmckelvey@hinshawlaw.com
vpisano@hinshawlaw.com

Dated:    June 22, 2020

## CERTIFICATE OF SERVICE

I, Vanessa V. Pisano, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 22, 2020.

*/s/ Vanessa V. Pisano*
Vanessa V. Pisano

1032122\306035445.v1